IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  3:20CR524 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | |
| LAWRENCE REDRICK, ET AL., | ) | PROPOSED PROTECTIVE |
| | ) | ORDER REGARDING GOVERNMENT'S |
| Defendants. | ) | DISCLOSURE OF DISCOVERY |

This matter is before the Court upon the application of the United States of America, pursuant to Criminal Rule of Procedure 16(d)(1), for a Protective Order to restrict the access of the Defendants herein to certain discovery materials.

The Court finds and Orders as follows:

(1) There is reasonable cause to believe, based upon information believed to be reliable, that the dissemination of certain discovery may jeopardize the safety of witnesses herein and impede the due administration of justice.

(2) Counsel for the government will clearly identify to defense counsel those discovery materials that it deems in need of protection.  Such materials shall be clearly marked, "Protected Material."  If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive or thumb drive, unless otherwise specified.  If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

(3) It is ordered that items marked "Protected Material," which are disclosed by the Government to defense counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsels' representatives, agents, and staff.

(4) It is ordered that defense counsel may provide a copy, electronic or otherwise, of the "Protected Material" for the purpose of sharing the material with the specific Defendant that counsel represents, and representatives, agents and staff of counsel. Defendant, however, shall not make copies or otherwise disseminate "Protected Material" to anyone.

(5) It is ordered that defense counsel is prohibited from providing access to "Protected Material" discovery to any person who is not directly associated with the legal representation of his/her client, except under the terms set forth in this Order.

(6) It is ordered that defense counsel is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

(7) Defense counsel may challenge the "Protected Material" designation of select discovery by filing a motion with this Court. Prior to bringing any challenge before the Court, however, defense counsel must first attempt to resolve the matter informally with the government.

Violation of any provision in this Protective Order may be punished as Contempt of Court.

    s/ Jeffrey J. Helmick
JEFFERY J. HELMICK
UNITED STATES DISTRICT JUDGE

Dated:   10/9/2020